# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DONALD DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CAUSE NO. 2:14-CV-424 |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus received from Donald Davis, a *pro se* prisoner, on November 17, 2014. For the reasons set forth below, the court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.

DISCUSSION

Donald Davis, a *pro se* prisoner, is attempting to challenge his convictions and the 40 year sentence imposed by the Lake Superior Court on February 12, 2010, under cause number 45G03-0901-FA-4. The respondent argues that the habeas corpus petition must be

dismissed because it is untimely. Habeas Corpus petitions are subject to a strict one year statute of limitations.[1]

The statute provides four possible dates from which the limitation period begins to run. The respondent argues that the court should apply § 2244(d)(1)(A) and calculate the 1-year period of limitation from the expiration of the time for filing a petition for certiorari with the United State Supreme Court following the Indiana Supreme Court's denial of the petition for transfer on April 21, 2011. Using that date, the judgment became final on July 20, 2011. *See* Sup. Ct. R. 13(1) and *Gonzalez v. Thaler*, 565 U.S. __, __; 132 S. Ct. 641, 653-54; 181 L. Ed. 2d 619, 636 (2012). ("[T]he judgment becomes final . . .when the time for pursuing direct review . . . expires.").

---

[1] 28 U.S.C. § 2254(d) provides that:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Davis does not disagree with the accuracy of those dates, nor specifically argue that July 20, 2011, is not the proper date to begin the 1-year period of limitation. Rather, he appears to argue that the court should apply 28 U.S.C. § 2244(d)(1)(B) because State action impeded his ability to file a timely habeas corpus petition. Specifically he asserts that guards denied him access to his legal materials following emergency surgery on March 14, 2013. Though he does not say precisely how long he was without access to his legal materials, he does say that he mailed a motion to the State court two weeks later on March 29, 2013. DE 11 at 5. The Lake Superior Court docket sheet shows that the clerk received filings from him on April 4, 2013; May 8, 2013; May 16, 2013; and June 5, 2013. DE 6-2 at 8. "Although neither § 2244 nor this circuit has defined what constitutes an impediment for purposes of § 2244(d)(1)(B), the plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (quotation marks omitted). Given his demonstrated ability to submit filings to the State court, the brief delay caused by the temporary lack of access to his legal materials does not qualify as an impediment which prevented him from filing a habeas corpus petition.

Therefore the 1-year period of limitation began on July 20, 2011, and continued to run until Davis filed a post-conviction relief petition on January 12, 2012. Doing so tolled the 1-year

period of limitation, but by then, 175 days had elapsed and Davis only had 190 days remaining.[2] The tolling ended when the trial court denied his post-conviction relief petition on February 28, 2013. Though Davis sought to appeal, because he was late and the Indiana Courts did not authorize his appeal, the 1-year period of limitation was not tolled as a result of those efforts. *Cf. Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005) ("Because an unauthorized successive petition is not considered 'properly filed' under Indiana law, the one-year limit was not extended under § 2244(d)(2)" while the petitioner's request to pursue a successive petition was pending.) Therefore the 1-year period of limitation began again on March 1, 2013, and expired 190 days later on September 6, 2013. Because this habeas corpus petition was not filed until more than a year after that date, it is untimely.

Davis notes that he had surgery on September 17, 2013. Though there might be circumstances where a medical condition could justify equitable tolling, this is not one of them. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (quotation marks and citation omitted). Equitable tolling is an extraordinary remedy

---

[2] When necessary, the 1-year period of limitation is counted as (and divided into) days. *See Holland v. Florida*, 560 U.S. 631, 638 (2010) ("At that point, the AEDPA federal habeas clock again began to tick – with 12 days left on the 1-year meter.")

that is rarely granted. *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013). "Petitioners bear the burden of proving that they qualify for equitable tolling." *Taylor v. Michael*, 724 F.3d 806 (7th Cir. 2013).

Here, Davis had surgery almost two weeks after the deadline expired. Clearly the surgery did not prevent him from filing a habeas corpus petition and he gives no indication that his medical condition prior to surgery interfered with his ability to do so. Moreover, even if he was disabled prior to and during surgery, he did not demonstrate diligence after surgery by promptly filing a habeas corpus petition when he recovered. State court docket sheets show that he submitted filings on May 19, 2014; May 22, 2014; June 6, 2014; June 12, 2014; July 2, 2014; and July 7, 2014. DE 6-1 at 16 and 6-2 at 7-8. Thus, whatever limitations his medical conditions may have placed on him, they clearly did not prevent him from submitting filings in the State courts. Nevertheless, he did not sign this habeas corpus petition and place it into the prison mailing system until more than a year later on November 13, 2014. "That lack of action does not show reasonable diligence, and it does not show that extraordinary circumstances actually prevented [him] from filing." *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013). Thus, Davis is not entitled to equitable tolling and this petition must be dismissed because it is untimely.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* As previously explained, this petition is untimely and Davis has not presented a colorable claim for equitable tolling. Because there is no basis for finding that jurists of reason would debate the correctness of these rulings or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

CONCLUSION

For the reasons set forth above, the court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.

**DATED: November 25, 2015**            /s/RUDY LOZANO, Judge
                                        **United State District Court**